Lela V. Stewart, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Stouffer's Foods, Respondents.

Argued November 19, 1981, before President Judge CRUMLISH and Judges WILLIAMS, Jr. and MACPHAIL, sitting as a panel of three.

*Allen L. Feingold,* for petitioner.

*Paul R. Brady,* with him *Charles W. Craven,* and *Jo Marjorie Fineman, Marshall, Dennehey, Warner, Coleman & Goggin,* for respondent, Stouffer's Foods.

OPINION BY JUDGE MACPHAIL, January 26, 1982:

Lela Stewart (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of her claim petition.

Claimant was hired by Stouffer's Foods (Employer) as a bakery helper, a position which involved the stacking and carrying of trays of cakes upon a pushcart. On May 22, 1974, while in the course of this employment, Appellant suffered a femoral hernia for which she received workmen's compensation benefits. This hernia was repaired through surgery and claimant returned to light work for Employer on September 3, 1974. Claimant executed a final receipt for this injury on October 18, 1974. Claimant resumed her position as a bakery helper in early 1977, and remained at this position until she left work during her shift on March 3, 1977.

The only issue presented upon this appeal concerns the reason Claimant left work on March 3. The referee found as a fact that Claimant walked off her job because she was upset about leaving too many finger marks on the cakes and that she told her supervisor she could not do her job. He also found that

Claimant did not report any injury occurring on March 3 to Employer and that there was no medical evidence to show that Claimant sustained an injury or aggravated a pre-existing injury on that date. Claimant has argued that these findings are not based upon substantial competent evidence. She also argues that sufficient evidence was presented to show that Claimant suffered a recurrence of her prior hernia and that both she and her physician notified Employer that her reason for leaving work was to seek medical attention for severe pain in her groin.

Where, as here, the Claimant is the party with the burden of proof and fails to carry that burden, our Court has held that our scope of review is to determine whether the findings of fact are consistent with each other and with the conclusions of law and whether those findings can be sustained without a capricious disregard of competent evidence, which is the willful, deliberate disbelief of an apparently trustworthy witness whose testimony one could not possibly challenge. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 436, 415 A.2d 1275 (1980). Questions of credibility, the resolution of conflicting testimony and the weight to be given the evidence are all matters to be resolved by the fact-finder—here the referee—and not this Court. *Snyder v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980).

While we might have decided differently on the record presented to us, we cannot say that the referee in this case capriciously disregarded evidence in deciding against the Claimant. Testimony from Employer's accounting manager indicated that Claimant resigned her job and that Claimant did not report any health problems to Employer. The surgeon who re-

paired Claimant's femoral hernia in 1974 testified that he could not demonstrate any hernia when he examined Claimant on April 26, 1977. While Claimant's own testimony and that of her family physician conflicted with that of the accounting manager and the surgeon, it was within the referee's power to choose which testimony to accept. Such a choice of conflicting testimony does not constitute capricious disregard of competent evidence.

Order affirmed.

## ORDER

AND Now, this 26th day of January, 1982, the order of the Workmen's Compensation Appeal Board, No. A-78052, dated May 29, 1980, is affirmed.

Judge PALLADINO did not participate in the decision in this case.