Katherine Borkowski, Petitioner *v.* Workmen's
Compensation Appeal Board (John F. Kennedy
Medical Center), Respondents.

Argued April 6, 1983, before Judges ROGERS, CRAIG
and MACPHAIL, sitting as a panel of three.

*Richard P. Abraham,* with him *Jane Combrinck-
Graham, Abraham, Pressman & Bauer, P.C.,* for peti-
tioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondent, John F. Kennedy Medical Center and Argonaut Insurance Companies.

OPINION BY JUDGE MACPHAIL, May 13, 1983:

Katherine Borkowski (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's dismissal of her claim petition.

On January 10, 1974, Claimant slipped and fell backwards on a patch of ice on a sidewalk which led from the parking lot to the entrance of her place of employment, John F. Kennedy Medical Center (Employer or hospital). Claimant got up on her own and continued into work. Claimant was examined that day at the hospital dispensary as a result of her complaints of pain in the coccyxgeal area. Claimant had experienced such pain occasionally since a fall in 1971.[1] Claimant continued in her regular employment for approximately seventeen months after the January 10, 1974 fall without loss of time attributable to any lower back problems. Claimant was admitted to Women's Medical College Hospital in May of 1975, where surgery was performed for the removal of a small bony growth from the area of the coccyx. She continued to experience pain and so surgery was again performed in October of 1977, where it was discovered that a nerve was entrapped by an outgrowth of bone in the lower back. This condition[2] was repaired at that time. A claim petition was filed in this matter on January 9, 1976.

At the hearings held on the claim petition, Claimant and Employer each presented medical testimony.[3]

---

[1] While this earlier fall apparently also occurred at work, no claim petition was ever filed regarding that event.

[2] Known as spinal stenosis.

[3] Claimant also testified.

This testimony was conflicting, with Claimant's physician, Dr. Sbarbaro, testifying that Claimant's medical problems were causally related to the January 10, 1974 fall, in that the fall aggravated pre-existing back problems, while Employer's physician, Dr. Simon, testified that in his opinion Claimant's medical problems were not caused by the fall, but rather were congenital[4] in nature. The referee chose to believe Dr. Simon and thus held that Claimant had failed to establish that her back problems were causally related to the January 10, 1974 fall.

Claimant has preserved two issues for our review. First of all, Claimant contends that the referee erred in accepting the testimony of Employer's medical expert since that witness only testified as to whether the fall caused her disability, not as to whether the fall could have aggravated the pre-existing condition. Secondly, Claimant contends that the referee, in finding of fact number 10,[5] erred in finding that Claimant's physician's diagnosis was made based upon several erroneous assumptions.

Where the party with the burden of proof, here the Claimant, has failed to carry that burden, our scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and whether those find-

---

[4] Diagnosed by Dr. Simon as lumbar scoliosis.

[5] 10. On the causal relationship issue, the Claimant has presented the testimony of John Sbarbaro, M.D. In evaluating the testimony of Dr. Sbarbaro, the Referee has considered that he testified under the erroneous assumption that the employee was symptom free prior to January 10, 1974. Also, Dr. Sbarbaro was unaware that following the occurrence of January 10, 1974, the Claimant worked regularly for the ensuing 17 months, to May, 1975, without significant lost time.

ings can be sustained without a capricious disregard of competent evidence, which is the willful, deliberate disbelief of an apparently trustworthy witness whose testimony one could not possibly challenge. *E.g.*, *Stewart v. Workmen's Compensation Appeal Board*, 64 Pa. Commonwealth Ct. 266, 439 A.2d 1304 (1982). Questions of credibility, the resolution of conflicting testimony and the weight to be given the evidence are all matters to be resolved by the fact-finder—here the referee—and not this Court. *Id.* The referee's decision to accept the testimony of one competent medical witness over another will not be disturbed on appeal, *e.g. Killian v. Workmen's Compensation Board of Review*, 62 Pa. Commonwealth Ct. 29, 38, 434 A.2d 906, 910 (1981) ; furthermore, it is within the province of the fact-finder to accept or reject the testimony of any witness, in whole or in part. *Id.*

After reviewing this case within the limiting standards outlined above, we are constrained to hold that the referee's decision, as affirmed by the Board, must be affirmed. This appeal presents nothing more than Claimant's disagreement with the referee's choice between conflicting testimony. Regarding the first issue presented by Claimant, Dr. Simon testified that Claimant's medical problems were "not related at all" to the fall and the referee clearly could have inferred from this that Dr. Simon believed the medical problems were not aggravated by the fall.[6]

---

[6] The referee, in choosing to make this inference, may have taken into account the following :

Q. (Employer's attorney) : Dr. Simon in the course of your practice as a board certified orthopedic surgeon, did you have an opportunity to see Katherine Borkowski?

A. (Dr. Simon) : Yes sir I did.

Q. When did you see her?

A. I saw her on July 12, 1977.

As for Claimant's second issue, Dr. Sbarbaro clearly did testify that his diagnosis was based on certain assumptions found to be incorrrect. While the doctor did also testify that his diagnosis would not have been changed by corrected assumptions, we can find no error in the referee's decision to give less credit to this physician's testimony based upon the erroneous assumptions underlying the initial diagnosis of causation. The referee's choice of testimony to accept can in no way be characterized as capricious and therefore must be affirmed.

---

Q. Was a history taken from the patient at that time?

A. There was some difficulty obtaining the history.

Q. Was there an impediment to the history taken doctor?

A. Yes sir to a certain extent there was.

Q. What was that impediment?

A. And that is that I was told by Mr. Abraham her attorney that all the information was in your possession, that is Mr. Fallon's possession, and that some of the questions that I asked he did not wish answered by the patient.

. . . .

Q. (Claimant's counsel) : Part of the history which you reviewed Dr. Simon indicated that after this fall in 1971 there was a period of three years of pain in the area of the coccyx is that correct?

A. (Dr. Simon) : Yes sir as I recall it was intermittent pain.

Q. And dating back to my questions about the sole cause, or causation as you testified to it, did you include in your characterization of no relationship between the January 1974 fall and what followed, whether or not that fall may have aggravated, exacerbated or in any way effected a pre-existing condition?

A. No sir I was never asked that question.

Referee: Well are you asking that question now Mr. Abraham?

Q. No your honor I haven't.

Referee: Okay.

## ORDER

The order of the Workmen's Compensation Appeal Board, No. A-81663, dated March 25, 1982, is hereby affirmed.