Axel R. Anderson, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Susan J. Pearlstein,* for petitioner.

*Jeffrey Gonick,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, December 21, 1983:

Axel Anderson appeals from a decision of the Department of Public Welfare's Board of Hearings and Appeals, which determined that he was ineligible for further Medical Assistance benefits.[1] We must decide whether the board properly determined that Anderson's real estate interest disqualified him from benefit eligibility.

Upon Anderson's admission to the Western Restoration Center, a public medical institution, DPW had determined that he was eligible for medical assistance benefits in the ''Medically Needy-Aged'' category. The only resource then available to help meet his medical costs, according to DPW's assessment, was one-half of a bank account of $496.78, owned jointly with

---

[1] The Commonwealth's Medical Assistance Program is associated with the federal Medicaid system, and DPW administers the program pursuant to §201 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §201.

his sister Alma Anderson. That amount was well under the eligibility ceiling of $1,500.[2]

In January, 1980, DPW notified Anderson that it had redetermined his available resources, and had assigned as a resource one-half of the assessed value of the home which he owned jointly with his sister. That figure, over $4,000, placed Anderson over the maximum.

Anderson appealed that determination, and, after a hearing, a referee issued a decision adverse to Anderson, which the board adopted in an order dated April 2, 1980.

Before this court, Anderson argues that the board erred in classifying his real estate as non-resident property, and therefore, includable as an available resource.[3] The issue, therefore, is whether or not Anderson's home legally constitutes his residence. After close scrutiny of the applicable regulations, we agree with Anderson and reverse the board's decision.

Both parties argue, and we agree, that because Anderson had entered a facility and had been there more than six months, the Public Assistance Manual provisions at 55 Pa. Code §177.83(b)(2), governing persons admitted to a facility, control this case. The referee, however, after arriving at the same conclusion, erroneously proceeded to decide Anderson's case according to the provisions of §177.83(b)(3), relating to persons institutionalized for six months or less. Using those standards, the referee determined that Anderson's home was not his residence, and therefore, that it was not exempt from availability to offset medical expenses.

---

[2] 55 Pa. Code §177.83(b)(2)(iv). A similar provision is now found at 55 Pa. Code §177.83(b)(2)(v).

[3] Because we reverse on the referee's legal error, we need not consider Anderson's second argument that the DPW regulations violate applicable federal regulations.

According to 55 Pa. Code §177.83(b)(2)(iii), the properly applicable provisions,[4] a client's "resident property" is excepted from availability to cover medical costs. No such exemption exists for other realty, which §177.83(b)(2)(iv) deems to be available after the first fifteen hundred dollars of value.

The term resident property is defined in section 177.83(b)(1)(ii) as "real property used as a home . . .", and non-resident property is defined in §179.82, in relevant part, as: "property not used as a home by the client . . . , or property that has been the home of the client . . . but has not been so used for six consecutive months and there appears little likelihood that [he] will return to it."

Hence the crucial point is the presence or absence of a likelihood that Mr. Anderson will return to his home.

On that point, the referee's finding of fact No. 13 says:

"A letter dated 2/27/80 signed by Dr. Philmore H. Critchlow states 'It is my opinion that Mr. Anderson's condition is capable of improvement. With such improvement, it would be possible for Mr. Anderson to leave a skilled nursing facility and return to his home. At the present time there is some likelihood that Mr. Anderson's condition will improve sufficiently to allow him to return to his home.' "

We necessarily read the referee's finding as accepting the contents of Dr. Critchlow's letter.

The board contends, somewhat inconsistently, that the letter was not properly admissible and therefore, by implication, that no substantial evidence supports the finding. The board's contention is twofold: that

---

[4] A similar provision is now found at 55 Pa. Code §177.83(b)(2)(iv).

the letter was not properly made part of the record and that it was inadmissible hearsay.

With respect to the first argument, the referee held the record open, at the request of Anderson's attorney, for the express purpose of allowing the submission of Dr. Critchlow's statement. The referee accepted the letter and marked it as an exhibit; nothing indicates that Anderson did not provide that statement within the time allowed.

Although the letter may technically be hearsay, under the relaxed evidentiary standards applicable to administrative proceedings, hearsay may be received and, in proper instances, may support a finding of fact.[5] In this case, counsel for DPW did not object when Anderson's attorney requested that the referee hold open the record, nor did counsel object to the nature of the proposed exhibit. Furthermore, because the record also contains testimony that Anderson was in a temporary, not permanent, nursing home at the time of the hearing, that testimony corroborates the opinion that Anderson may leave the institution.

Hence, we have a referee's finding of fact that there is some likelihood Anderson will return home. Being supported by substantial evidence, that finding requires the conclusion, under §179.82, that Anderson's house is residential property and is therefore exempted as a resource for medical assistance purposes.

Accordingly, we reverse the order of the Board of Hearings and Appeals.

---

[5] The general rule is that hearsay evidence, properly objected to, is not competent to support a finding in an administrative hearing and that hearsay admitted without objection may support a finding only if corroborated by competent evidence in the record. *Burks v. Department of Public Welfare*, 48 Pa. Commonwealth Ct. 6, 408 A.2d 912 (1979); *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

Now, December 21, 1983, the order of the Board of Hearings and Appeals of the Department of Public Welfare, docketed at No. M-588891-TA, is reversed.