North Schuylkill School District, Petitioner *v.* Workmen's Compensation Appeal Board (Bobiak), Respondents.

Argued May 3, 1984, before Judges MacPhail, Colins and Barbieri, sitting as a panel of three.

*Frank L. Tamulonis, Jr., Zimmerman, Lieberman & Derenzo,* for petitioner.

*John T. Pfeiffer, III, Pfeiffer, Brown & Baldwin,* for respondent, Stephen Bobiak.

OPINION BY JUDGE MACPHAIL, July 5, 1984:

North Schuylkill School District (Employer) appeals from a determination by the Workmen's Compensation Appeal Board (Board) that Stephen Bobiak (Claimant) is entitled to benefits[1] because his heart attack was work-related. We affirm.

Claimant was a teacher and an assistant wrestling coach for Employer. During a wrestling practice on April 4, 1977, at approximately 4:00 p.m., Claimant demonstrated with Thomas Petrowsky, a student, how to escape a wrestling hold. The student was straddled over Claimant with one arm wrapped around Claimant's waist, the other arm on Claimant's elbow. When the student resisted Claimant's effort to break the wrestling hold, the Claimant suddenly felt a sharp pain through the center of his chest and the student released his hold. Claimant felt nauseous, cancelled practice and went home.

Claimant's chest pain continued throughout the night. The following morning he told the school nurse about the problem and Claimant was transported to Ashland State Hospital. Dr. Joseph A. Weber, Claimant's attending physician at the hospital, diagnosed that Claimant suffered a myocardial infarction, a heart attack.

---

[1] Section 301(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §431.

Based on Dr. Weber's testimony that Claimant was totally disabled from the heart attack which was, in his opinion, caused or triggered by the wrestling incident, the referee awarded workmen's compensation benefits to Claimant. The Board affirmed.

Employer argues that Dr. Weber's testimony was hearsay and incompetent[2] to support an award of benefits because Dr. Weber's opinion was based on a "confab of history" provided by Claimant, Claimant's wife and the student.[3] We disagree. While it is true that Dr. Weber based his opinion on the history that he obtained from the Claimant, Claimant's wife and the student, the record indicates that Employer did not object to this portion of Dr. Weber's testimony at the hearing before the referee. Hearsay evidence admitted without objection will support a finding of fact if it is corroborated by any competent evidence.[4] Even if these statements to Dr. Weber were hearsay, both the Claimant and the student testified at the hearing which corroborated the portion of Dr. Weber's testimony regarding the development of Claimant's chest pain at the wrestling incident.

---

[2] Our scope of review is not whether there was competent evidence, but whether an error of law was committed, any constitutional rights were violated, or any necessary findings of fact are unsupported by substantial evidence. *Voitek TV Sales & Service, Inc. v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 475, 479, 455 A.2d 265, 266 (1983).

[3] On cross-examination Dr. Weber testified:

Q. So the history was provided not by Mr. Bobiak, rather by the boy?

A. No, the history that I gave you was provided—it's a confab of history I obtained from Mr. Bobiak, his wife, and it might also include some supplementation from this boy involved. I'm sorry I don't remember when exactly I talked to him.

[4] *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976).

Employer contends that Dr. Amilcar E. Longarini's testimony that Claimant's heart attack occurred on April 5, the day Claimant was admitted to the hospital and not April 4, the day of the wrestling incident, contradicts Dr. Weber's testimony.[5] It is within the province of the referee to accept the testimony of one medical witness over conflicting testimony of another medical witness.[6] We are convinced that the referee's findings are supported by substantial evidence.

### ORDER

The order of the Workmen's Compensation Appeal Board No. A-84105, dated October 27, 1983, is affirmed.

---

[5] Dr. Longarini based his opinion on enzyme studies conducted at the hospital. According to Dr. Longarini, Claimant's enzymes were normal when he arrived at the hospital, indicating that the heart attack occurred less than 12 hours before Claimant arrived. Dr. Weber testified that it would be medically impossible to pinpoint the time of the heart attack through enzyme studies since the enzyme levels vary depending on the time of day they are taken.

[6] *Borkowski v. Workmen's Compensation Appeal Board*, 74 Pa. Commonwealth Ct. 310, 313, 459 A.2d 1336, 1338 (1983).