Blue Mountain Area School District, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas J. Nickels, Heitmiller & Nickels,* for petitioner.

No appearance for respondent.

*Paul Domalakes, Rubright, Domalakes, Troy & Miller,* for intervenor, Larry H. Ross.

OPINION BY JUDGE COLINS, January 30, 1986:

Blue Mountain School District (employer) appeals an order of the Unemployment Compensation Board of Review (Board) reversing a decision of the referee which denied unemployment compensation benefits to Larry H. Ross (claimant), a suspended teacher with thirty-one years of teaching experience, for alleged acts of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant had been employed as a health teacher and guidance counselor since 1958. He was suspended from his position on April 10, 1984 following accusation by four twelve-year old female students of improper conduct. Each student accused the claimant of improper physical contact on at least one occasion. Each student testified at hearings before the School Board regarding the alleged incident(s).

Claimant was awarded unemployment compensation benefits by the Office of Employment Security and his employer appealed. At the subsequent hearing, the referee took testimony from only one of the students who had accused claimant of improper conduct. In lieu of the testimony of the other three students, the referee admitted into evidence, over the objection of claimant's counsel, the transcripts of claimant's prior dismissal hearings before the School Board. Counsel for the employer explained his failure to offer live testimony of the three students as an attempt to save them the distress and embarrassment of testifying about the alleged incidents before the referee. The claimant testified in his own behalf, denying that he had improperly touched any of the students on any occasion.

In his decision, the referee found that the claimant engaged in a course of conduct in dealing with the students that was unacceptable under employer's standards. The referee determined that while claimant's demeanor at the hearing did not reflect that he would engage in said misconduct, the record as developed substantiated the charges of willful misconduct. The referee thus found the claimant ineligible for unemployment compensation benefits.

Without taking additional testimony, the Board found that the employer failed to prove the charges of willful misconduct, reversed the decision of the ref-

eree and awarded benefits to the claimant. In a strongly-worded decision, the Board found that:

> Due to the absence of any credible evidence of the incidents charged . . . the Board is constrained to conclude that the claimant did not perform the described acts of misconduct. The only eye witness produced at the hearing testified in a most unconvincing manner. When viewed along with claimant's consistent denials, the inescapable conclusion is that the record in this case evidenced no behavior by the claimant that would constitute willful misconduct.

It is from this decison that the employer appeals.

In its appeal to this Court, the employer contends that the Board failed to consider the evidence contained in the transcripts of claimant's dismissal hearings, admitted into evidence by the referee over the hearsay objection of claimant's counsel, and based its decision solely on the testimony of the single student presented by the employer. In so doing, the employer contends that the Board capriciously disregarded competent evidence in failing to consider the record as a whole. We cannot agree.

It is well established that hearsay evidence, properly objected to, is not competent evidence to support a finding by an administrative fact-finding Board. *See Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976); *Anderson v. Department of Public Welfare,* 79 Pa. Commonwealth Ct. 182, 186 n.5, 468 A.2d 1167, 1169 n.5 (1983). In the instant case, the referee admitted the transcripts of claimant's dismissal hearings as substantive evidence of the events therein described. Counsel for claimant objected to their admission. Only one of the students then testified before the referee. Petitioner's counsel was not given

the opportunity to cross-examine the other students. We are aware of the fact that administrative proceedings are not bound by formal rules of evidence. 2 Pa. C. S. §505. However, we cannot permit the employer to prove the gravamen of its case through hearsay evidence, improperly admitted over objection. As noted by Judge Rogers in *Bleilvens v. State Civil Service Commission*, 11 Pa. Commonwealth Ct. 1, 5, 312 A.2d 109, 111 (1973) "[t]he hearsay rule is not a technical rule of evidence but a basic, vital and fundamental rule of law which ought to be followed by administrative agencies at those points in their hearings when facts crucial to the issue are sought to be placed on the record." Where, as here, the referee heard only the testimony of the single student, made no finding of fact on her credibility, yet found that the record *as a whole* substantiated the charges of willful misconduct, we must find error in the admission of the report.

We conclude that the Board correctly eliminated the transcripts of the claimant's dismissal hearings from its consideration of this case. We next consider the validity of the Board's finding that the only eye witness produced by the employer testified in "a most unconvincing manner."

The Board is the ultimate finder of fact and arbiter of credibility. *Peak v. Unemployment Compensation Board of Review,* Pa. , 501 A.2d 1383 (1985); *Yazevac v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 90, 430 A.2d 1207 (1981); *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). However, the power of the Board in this regard is not unlimited. While the Board has the right to disbelieve the testimony of any witness, even though uncontradicted, the Board may not simply dis-

regard findings made by the referee which are based upon consistent and uncontradicted testimony without stating its reasons for doing so. *Treon v. Unemployment Compensation Board of Review,* 499 Pa. 455, 453 A.2d 960 (1982); *see also Peak,* slip op. at 7.

*Treon* is factually distinguishable from the instant case, however. *Treon* concerned the Board's failure to adopt the referee's findings based on the consistent and uncontradicted testimony of a single witness. In the instant case, the referee heard the conflicting testimony of the claimant and his student. The referee concluded that the claimant was credible. The referee made no explicit determination on the credibility of the student. On the basis of the record *as developed,* which included the inadmissible hearsay transcripts of claimant's dismissal hearings, the referee found the claimant guilty of willful misconduct.

The Board then corrected the referee's evidentiary ruling on the admissibility of the transcript and, in consideration of the record testimony, found that the student witness was "most unconvincing." As the *Treon* court stated, the Board has the right to disbelieve the testimony of any witness. In this case, the Board's credibility determinations are not in direct conflict with those of the referee. The referee found that the claimant appeared credible but made no comment on the credibility of the sole juvenile witness. It is apparent, however, that the referee's decision was primarily based on the improperly admitted hearsay evidence.

Our review of the entire record indicates that, exclusive of the improperly admitted hearsay evidence, the Board's determinations of credibility are not inconsistent with those of the referee.

Mindful of our scope of review in a case such as this, where the party with the burden of proof has not

prevailed before the Board,[2] it is apparent from the record that the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Rowles v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 613, 425 A.2d 492 (1981).

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, January 30, 1986, the order of the Unemployment Compensation Board of Review, No. B-233587, dated August 17, 1984, is affirmed.

Senior Judge BARBIERI concurs in the result only.

---

[2] The burden of proving willful misconduct is, of course, on the employer. *Orloski v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 254, 415 A.2d 720 (1980).