530 A.2d 945

Blaz Gallick, Petitioner *v.* Workmen's Compensation Appeal Board (Department of Environmental Resources, Bureau of Human Resources Mgmt.), Respondents.

618

Submitted on briefs February 26, 1987, to Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Joyce J. Sweinberg,* for petitioner.

*Frederick H. Hobbs,* with him, *Paul J. Dufallo,* for respondent, Department of Environmental Resources, Bureau of Human Resources Management.

OPINION BY JUDGE BARRY, August 24, 1987:

Blaz Gallick (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to grant the termination petition of the Department of Environmental Resources, Bureau of Human Resources Management (employer) and its insurer, State Workmen's Insurance Fund (insurer).

On April 23, 1981, the claimant sustained a work related injury for which compensation was paid com-

mencing May 1, 1981. A termination petition was filed on April 16, 1983 together with a physician's affidavit of recovery alleging that the claimant's disability had ceased as of March 23, 1983.

Accordingly, the insurer ceased making compensation payments to the claimant as of March 22, 1983, pursuant to the automatic supersedeas provisions of Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act).[1]

A hearing on the termination petition was scheduled for May 12, 1983, notice of which was mailed to the claimant. The claimant did not appear at the hearing either in person or by representative. The employer appeared at the hearing and presented the affidavit of recovery of Martin A. Cohen, M.D., in support of its termination petition.

Based upon Dr. Cohen's affidavit, the only evidence presented at the hearing, the referee found that the claimant was able to return to work on March 23, 1983, without further loss of earning power and disability.[2] Further, he concluded that the employer had sustained its burden to show that disability resulting from the claimant's work-related injury ceased and terminated as of March 23, 1983[3], and granted the employer's termination petition.

Notice of the referee's decision was mailed to the claimant from which he filed a timely appeal to the Board. The Board affirmed the referee's decision stating that it had no basis upon which to disagree with the referee inasmuch as his findings were based on competent evidence. This appeal followed. We cannot agree with the Board's conclusion and we reverse.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774.

[2] Referee's Finding of Fact No. 6.

[3] Referee's Conclusions of Law.

This proceeding was initiated by the filing of a termination petition. In such a proceeding, the employer has the burden of proving that all work-related disability has ceased. *Bigler v. Workmen's Compensation Appeal Board (Bristol Township)*, 96 Pa. Commonwealth Ct. 642, 508 A.2d 635 (1986). Our scope of review here, is limited to a determination of whether constitutional rights were violated; an error of law was committed or whether necessary findings of fact were supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

First, the claimant argues that the referee abused his discretion in conducting the May 12, 1983 hearing in the claimant's absence. He argues that his lack of transportation, lack of a telephone and lack of funds constitute an "adequate excuse" pursuant to Section 416 of the Act for his failure to appear at the hearing.[4] We cannot agree. The claimant received a copy of the termination petition, notice of the scheduled hearing and his compensation payments were discontinued, all of which gave him sufficient notice that he should have taken some action to protect his rights. We find that his reasons for not doing so as set forth in his brief do not constitute an "adequate excuse" under Section 416 and that the referee did not abuse his discretion in conducting the scheduled hearing to decide the matter on the basis of the petition and the evidence submitted in support thereof.

Second, the claimant argues that the referee's decision is not supported by substantial competent evi-

---

[4] Section 416, 77 P.S. §821 provides in pertinent part:
If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

dence. We agree. Specifically, we find that the referee's Finding of Fact # 6 is not supported by substantial competent evidence.

The only evidence presented at the hearing was the affidavit of recovery executed by Martin A. Cohen, M.D. The affidavit is hearsay and as such, at least in this case, cannot support the referee's finding that the claimant was able to return to work on March 23, 1983, without further loss of earning power and disability.[5]

Under the relaxed evidentiary rules applicable in administrative proceedings hearsay may be admissible and may support findings of fact in certain circumstances. *Anderson v. Department of Public Welfare,* 79 Pa. Commonwealth Ct. 182, 468 A.2d 1167 (1983). In *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976), this Court set forth the following guidelines with respect to the use of hearsay to support findings of fact in administrative proceedings:

> (1) Hearsay evidence, *properly objected to,* is not competent evidence to support a finding of the Board (citations omitted);
> (2) Hearsay evidence, *admitted without objection,* will be given its natural probative effect and may support a finding of the Board, *if it is corroborated by any competent evidence in the record,* but a finding of fact based *solely* on hearsay will not stand. (citations omitted) (Emphasis in original.)

27 Pa. Commonwealth Ct. at 527, 367 A.2d at 370.

---

[5] We note, however, that under Section 422 of the Act, 77 P.S. §835, *hospital* records are admissible into evidence as an exception to the hearsay rule. Here, we are concerned with a Physician's Affidavit of Recovery which does not qualify as a hospital record and is not entitled to the exception.

Applying the *Walker* Rule to the case at bar[6] we find, of course, the first prong of the Rule inapplicable inasmuch as the claimant was not present at the hearing to object to the admission of Dr. Cohen's affidavit. However, the application of the second prong clearly results in characterizing Dr. Cohen's affidavit as incompetent to support the referee's finding inasmuch as it was not corroborated by any competent evidence in the record. Therefore, we find that the employer has failed to meet its burden of proving that all work-related disability has ceased for lack of substantial competent evidence to support the same on the record. For this reason, we reverse.

The claimant also argues that Dr. Cohen's affidavit of recovery filed with the employer's termination petition was not sufficient to satisfy the automatic supersedeas requirements of Section 413(a) of the Act.[7] That section provides in pertinent part:

> The filing of a petition to terminate . . . a notice of compensation payable . . . shall operate as a supersedeas, and shall suspend the payment of compensation . . . only when such petition alleges that the employee has returned to work at his prior or increased earnings or where the petition alleges that the employee has *fully* recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect. . . . (emphasis added).

Here, Dr. Cohen completed a physician's affidavit of recovery on a form prescribed by the Department of

---

[6] *See North Schuylkill School District v. Workmen's Compensation Appeal Board (Bobiak)*, 83 Pa. Commonwealth Ct. 506, 477 A.2d 910 (1984) for an application of the *Walker* Rule in workmen's compensation cases.

[7] 77 P.S. §774.

Labor and Industry, Bureau of Occupational Injury and Disease Compensation which was filed with the employer's termination petition. The form provides for a physician's certification that a claimant has "fully" recovered from his injury. However, Dr. Cohen crossed out the word "fully" and substituted the word "sufficiently."

In *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985), this court was faced with identical facts with regard to the alteration of the physician's affidavit. There, we stated that the requirement set forth in Section 413(a) that a physician certify that a claimant is *fully* recovered for a supersedeas to operate was to protect the disabled employee from having his benefits terminated prior to a full recovery. As in *Smith*, we find the affidavit here to be defective and as such, unable to support the allegation in the termination petition that the claimant was able to return to work. We, therefore, must conclude that the requirements of Section 413(a) have not been met and the employer was not entitled to an automatic supersedeas.[8]

Finally, the claimant argues that since an automatic supersedeas was inappropriate here the insurer should be penalized, pursuant to Sections 413(b) and 435 of the Act,[9] for all compensation due from the date of termina-

---

[8] As in *Smith*, the final order of the Board was entered prior to the decision of the United States District Court for the Eastern District of Pennsylvania which held that the automatic supersedeas provisions of Section 413(a) are unconstitutional, *see Baksalary v. Smith*, 579 F. Supp. 218 (ED Pa. 1984), making any discussion thereof unnecessary.

[9] Sections 413(b) and 435; 77 P.S. §§774.1 and 991 provide in pertinent part:

§774.1

Any insurer who . . . terminates . . . payments of compensation . . . without filing a petition and either alleging

tion to the date of the referee's decision. Because this issue was not raised below, this court cannot now consider it for the first time on appeal.

Because there is insufficient competent evidence to support the Board's determination that the claimant has recovered from his work-related injury, we reverse.

### ORDER

Now, August 24, 1987, the order of the Workmen's Compensation Appeal Board No. A-86335, dated November 25, 1983, is hereby reversed.

---

that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employee has *fully* recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of filing of the petition or having requested and been granted a supersedeas as provided in this section, shall be subject to penalty as provided in Section 435. (Emphasis added.)
§991
(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interests accrued and payable: Provided, however, that such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.