575 A.2d 152

**FAIRFIELD TOWNSHIP VOLUNTEER FIRE COMPANY NO. 1., Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA HUMAN RELATIONS COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1990.

Decided April 27, 1990.

Reargument Denied June 28, 1990.

Petition for Allowance of Appeal
Granted Jan. 25, 1991.

46

Anthony P. Picadio, Sherman & Picadio, Pittsburgh with him, Richard F. Flickinger, Flickinger & Welty, Ligonier, for petitioner.

Carol L. Rosen, Asst. Chief Counsel, with her, Elisabeth S. Shuster, Chief Counsel, and Vincent A. Ciccone, for respondent.

Before DOYLE and McGINLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by the Fairfield Township Volunteer Fire Company No. 1 (Fire Company) from an order of the Pennsylvania Human Relations Commission (Commission) which accepted the recommendation of a hearing examiner and directed that the Fire Company cease and desist from discriminating against females in the selection of fire fighters; that it offer Sarah Marie Henderson (Complainant) instatement as an active member of the Fire Company; that it take affirmative measures to recruit females as fire fighters; that it dispense with secret ballot voting and

substitute a hiring procedure which affords each applicant equal consideration; that it implement a hiring process which (1) identifies specifically each person who has any impact on a hiring decision, (2) requires a written statement from any person who has an impact on a hiring decision who recommends that an applicant be rejected, and (3) requires that any such statement detail the person's reasons for his or her negative recommendation.

The underlying facts are that on April 1, 1982 Complainant, along with three male applicants, applied for membership in the Fire Company. At that time the Fire Company's by-laws specifically restricted membership to males between the ages of eighteen and sixty who resided in Fairfield, St. Clair, and the surrounding townships and boroughs. Complainant met the age and residency requirements. After a meeting on April 16, 1982, at which Complainant submitted her application for membership, the Fire Company failed to take action,[1] but thereafter determined to revise its by-laws by eliminating the males only requirement. The revised by-laws were adopted at a special meeting on June 23, 1982 by a vote of twenty-three "yes" and ten "no" votes.

In addition, the Commission also found that while there had been a screening process in effect during the years preceding Complainant's application, the Fire Company had become lax regarding that process. Subsequent to the amendment which deleted the males only requirement, at a meeting held on June 28, 1982, the members voted by secret ballot on Complainant's application as well as that of one of the male applicants, the other two male applicants having withdrawn their applications. The male applicant was accepted. Complainant received twelve "yes" votes and nineteen "no" votes, and was therefore rejected for membership because an applicant needed a two-thirds vote to be approved for membership. Complainant then appealed the

---

1. This deferral of any action on Complainant's application was appealed by her to the Commission. The Fire Company took no action on the application of the three male applicants either.

Fire Company's refusal to accept her to the Commission and the Commission consolidated her appeal with her earlier one from the refusal to process her application. See *supra* note 1.

The Commission further found that in 1982 the Fire Company's by-laws did not "require" a secret ballot when voting on prospective members, that both Complainant and the male who was ultimately accepted were interviewed by the screening committee, and that the screening committee recommended both for membership. Subsequent to Complainant's rejection, the Secretary of the Fire Company had occasion to speak with Complainant and told her that the only reason he could see for Complainant's rejection was gender. This same individual also commented during a telephone conversation to a Commission investigator that he believed Complainant's gender was the basis for her rejection.

Based upon these findings, the Commission concluded that the Fire Company had violated Section 5(a) of the Pennsylvania Human Relations Act [2] (Act) by discriminating against Complainant on the basis of her sex. Accordingly, it ordered that Complainant be instated and that the Fire Company amend its hiring procedures.[3] The Fire Company's appeal to this Court followed.

On appeal the Fire Company raises three arguments for our consideration. First, it contends that the record does not support the Commission's determination that Complainant met her burden of establishing a prima facie case of discrimination. Second, the Fire Company maintains that the Commission's determination that it engaged in unlawful discrimination is based in part on inadmissible hearsay evidence. Finally, the Fire Company argues that the remedy ordered by the Commission is unnecessarily broad and

2. Act of October 27, 1955 P.L. 744, *as amended,* 43 P.S. § 955(a).

3. We observe that although the Fire Company is a volunteer organization, it is an "employer" within the ambit of the Act apparently because it is supported at least in part by governmental appropriations. *See* Section 4(b) of the Act, 43 P.S. § 954(b), and stipulation number 2 in the adjudication.

unreasonable. We shall consider these issues seriatim keeping in mind that our scope of review over a Commission order is limited to determining whether there has been a constitutional violation or an error of law and whether the Commission's necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Our state Supreme Court has indicated in *Allegheny Housing Rehabilitation Corp. v. Pennsylvania Human Relations Commission*, 516 Pa. 124, 532 A.2d 315 (1987), that the prima facie burden which a complainant must establish in a Commission proceeding where the complainant has been rejected from a job is (1) that the complainant belongs to a minority covered by the Act (in this case females) (2) that she applied and was qualified for the job for which the employer was seeking applicants (3) that despite her qualifications she was rejected and (4) that after the rejection the position remained open and the employer continued to seek applicants from persons of the complainant's qualifications. Once the complainant establishes these elements the burden then shifts to the employer to establish a legitimate non-discriminatory reason for its actions. *Id.* If such evidence is presented then the Commission must decide, based upon *all* the evidence produced, whether the complainant has persuaded the Commission by a preponderance of the evidence that the employer intentionally discriminated against her. *Id.* The burden of persuasion remains with the complainant. *Id.*

We also note that if the complainant produces sufficient evidence to establish a prima facie case and the employer offers no evidence in response, the presumption of discrimination stands determinative of the factual issue in the case. *Id.* But, if the employer offers a non-discriminatory explanation for its actions, the presumption drops from the case. *Id.*

█ The Fire Company here contends that Complainant did not make out a prima facie case because she did not show that she was qualified for the position. In this regard

it refers to the testimony that Complainant had been born with a hole in her heart and when she was younger had been hospitalized for one hundred and six days because of an infection which had settled in the hole. Complainant had also testified that she had back problems and indicated that there were some things related to fighting fires which she could not do. We have no doubt that factors such as this could be a legitimate basis for rejecting an applicant as a fire fighter. They are not, however, legitimate in this case to demonstrate that Complainant was unqualified for the position for one good reason. *At the time Complainant applied for membership, there were no physical requirements established for the position.* We note that in January 1984 the by-laws were amended to add such a requirement. The Fire Company cannot, however, now go back and attempt to impose requirements on Complainant which were nonexistent at the time she applied. Accordingly, its assertion that she did not meet her prima facie burden must be rejected.

■ Next, the Fire Company contends that the Commission erred in relying on certain objected to evidence which was hearsay. Specifically, the evidence in question is the statement of the Fire Company's Secretary to Complainant that as far as he could see the only reason Complainant had been rejected was because she was a woman.[4] The Secretary did not testify before the Commission. There is no doubt that this evidence was inadmissible hearsay and, therefore, should not have been considered.

The Commission, however, maintains that under the rule in *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Commonwealth Ct. 522, 367 A.2d 366 (1976), the evidence may be considered if it is corroborated by other competent evidence. It points to as such other competent

---

4. The "opinion" portion of the Commission's adjudication reads as follows:

The complainant's strongest evidence on this issue [discrimination] was her testimony that an executive officer of the fire department told her that the only reason he could see for the complainant's rejection was that she was a woman. (Adjudication at 13).

evidence statements made by the Secretary to a Commission investigator during the course of conciliation efforts in this case. Those statements, which the Commission's investigator testified to, were not objected to and were similar to the comment the Secretary had made to Complainant. The Commission maintains that because the Secretary had been given permission by the Fire Company's counsel merely to speak with the investigator his statements were those of a "principal" and, hence, constituted a party admission.

█ First, the Commission misunderstands the *Walker* rule which rule we hold does apply to proceedings before the Commission. *Accord Hill v. Department of Public Welfare*, 72 Pa.Commonwealth Ct. 149, 455 A.2d 1291 (1983) (*Walker* rule applied to Department of Public Welfare adjudications); *North Schuylkill School District v. Workmen's Compensation Appeal Board (Bobiak)*, 83 Pa.Commonwealth Ct. 506, 477 A.2d 910 (1984) (*Walker* rule applied to Workmen's Compensation proceedings). Under the rule, *unobjected to* hearsay evidence can be relied upon to support a finding if it is corroborated by other competent evidence. *Objected to* hearsay evidence can never be relied upon to support a finding. Here the Commission seeks to corroborate the *objected to* hearsay evidence with unobjected to hearsay evidence, which it simply cannot do under *Walker*.

█ Moreover, before the testimony of an officer or agent can be admitted as a statement attributed to his principal, the authority of the declarant to make the admission on behalf of the principal must be established. *Murray v. Siegal*, 413 Pa. 23, 195 A.2d 790 (1963). While the Commission maintains that such authority is apparent because counsel permitted the Secretary to speak with the Commission's investigator, there is absolutely nothing in the record which indicates that counsel authorized or knew the content of the telephone conversation between the investigator and the Secretary much less considered the Secretary to be an officer or agent speaking on behalf of the Fire Company as "principal." Accordingly, we must reject

the Commission's argument and hold that this evidence, which it relied on, was inadmissible as a matter of law. For this reason it will be necessary to vacate the Commission's order and remand the matter for the Commission to consider the evidence again absent this tainted evidence.

■ Finally, we move to the question of whether the Commission's remedy in the instant case was overbroad. It is certainly true that the Commission when fashioning an award has broad discretion and its actions are entitled to deference by a reviewing court. *Pennsylvania State Police v. Pennsylvania Human Relations Commission*, 512 Pa. 534, 517 A.2d 1253 (1986). A reviewing court cannot disturb a Commission order unless it can be shown that the order is a "patent attempt to achieve ends other than can fairly be said to effectuate the policies of the Act." *Id.*, 512 Pa. at 538, 517 A.2d at 1254.

■ There are several points in the order with which the Fire Company takes issue. The first is the requirement that it eliminate secret ballot voting. The Fire Company contends that it has now amended its by-laws and has begun to accept females into its organization, and that there is no evidence whatsoever in the record that prior to Complainant's application the Fire Company ever discriminated against any woman. Thus, it posits that requiring it to dispense with its secret balloting procedure is unreasonable.

We must agree with the Fire Company that the remedy when considered in light of the Commission's explicit findings is overbroad, although not necessarily for the reasons the Fire Company asserts. Certain questions remain unanswered with respect to the voting procedures that were employed. Among these are (1) was the vote to change the by-laws done by secret ballot [5] (2) prior to the date on which Complainant applied for membership (April 1, 1982) were

5. At oral argument counsel for both parties were unable to answer this question.

applications for membership voted on by secret ballot [6] (3) when was the by-law adopted that membership had to be approved by a two-thirds vote. This last point is important because ten of the Fire Company's thirty-three members voted "no" on the proposal to amend the by-laws.

If the secret balloting procedure existed prior to the time Complainant applied and was utilized uniformly, then we can perceive no inherent discrimination in the same procedure being applied to Complainant. If, however, this procedure was not followed or followed in a haphazard fashion, or adopted specifically to deal with Complainant's application, it is a different matter. While the Commission found that there was no *requirement* that secret balloting be conducted, that is not the issue. The question is was secret balloting routinely conducted in all cases. Because these questions remain unanswered in the Commission's findings, we shall direct on remand that it make additional findings, based on the presently existing record if possible, and reconsider its order based upon the findings it makes.

Another facet of the order which we hold to be overbroad is the requirement that any negative vote be supplemented with a written reason for it. Such draconian remedial measures are not, as a matter of law, justified by the present record. The order in this respect would require every member who voted no on an application, if the vote was not taken by secret ballot, to give an explanation in writing of the reasons underlying his vote. If the vote was taken by secret ballot, of course, the order could not be effectively carried out.

Also with respect to the order, the Fire Company asserts that it is overbroad by requiring that Complainant be instated without submitting to a physical examination. We be-

6. At oral argument counsel for the Fire Company advised the Court that such applications were voted on by secret ballot and that this fact could be established from the record. After an exhaustive search of the record the only evidence we have found is that the secret balloting procedure was adopted *after* Complainant initially applied for membership. *See* N.T. at 62; Resp. Ex. No. 1. We, of course, can make no credibility determination on this evidence.

lieve we addressed this contention earlier, however, by noting that there was no such requirement at the time Complainant submitted her application and we hold that the Fire Company cannot not now go back and impose additional requirements upon her. Accordingly, the Commission's order is not defective in this respect and thus if it determines again that instatement is justified, it need not require Complainant to submit to a physical examination.

Based upon the foregoing discussion, the Commission's order is vacated and this case is remanded for further proceedings.

## ORDER

NOW, April 27, 1990, the order of the Pennsylvania Human Relations Commission in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.