630 A.2d 544

**Robert I. DENISON, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (INSULCON COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 1993.

Decided Aug. 12, 1993.

554

Harold G. Caldwell, for petitioner.

George E. Mehalchick, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Robert I. Denison (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (WCAB) that affirmed a referee's denial of benefits to Denison. We affirm.

On April 25, 1990, Denison suffered a knee injury while employed with Insulcon Company (Employer). At the time of the injury, Claimant, a Pennsylvania resident, had signed the contract for hire in Pennsylvania but was working for an Illinois company at a job site in Kansas. As a result of the injury, Denison filed a claim for benefits under the Illinois Worker's Compensation Act (Illinois Act).[1]

While receiving compensation under the Illinois Act, David Cooper, M.D., examined Denison, finding him completely recovered from his work-related injury. Denison's work benefits, pursuant to the Illinois Act, ceased on December 11, 1990. This termination of benefits took place fully within the terms and provisions of the Illinois Act. After being notified that his Illinois benefits would cease effective December 11, 1990, Denison filed a claim for benefits pursuant to the Pennsylvania Workmen's Compensation Act (Pennsylvania Act or the Act).[2]

At the first hearing before the referee, Employer's general superintendent testified about Denison's employment. Pursuant to Section 305.2(a)(2) of the Act, 77 P.S. § 411.2(a)(2),[3] the referee ruled that Denison could pursue benefits under the Pennsylvania Act as an extraterritorial employee because he was working under a contract of hire made in Pennsylvania for

1. 820 ILCS 305/1—et seq.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

3. Section 305.2 of the Act provides in pertinent part:
   (a) If an employe, while working outside the territorial limits of this State, suffers an injury on account of which he, ..., would have been entitled to benefits provided by this act had such injury occurred within this State, such employe, ..., shall be entitled to the benefits provided by this act, provided that at the time of such injury:
   * * * * * *
   (2) He is working under a contract of hire made in this State in employment not principally localized in any state,....
   77 P.S. § 411.2(a)(2).

employment not principally located in the state. Finding Denison to be within the provisions of the Pennsylvania Act, the referee then directed the parties to address the medical issues.

Denison was initially diagnosed with an iliotibial pull at the time of the injury in Kansas. On his return to Pennsylvania, Denison was diagnosed with a sprain of the collateral ligament, receiving conservative therapy. Because the therapy did not give Denison relief, he began treatment with Kenneth Ortega, M.D., who diagnosed a possible tear of the lateral miniscus and performed an arthroscopic procedure. Following the arthroscopic procedure, Denison received physical therapy and localized injections but continued to have discomfort and decreased extension of the knee. Dr. Ortega's initial prognosis was that Denison could return to work within four to six weeks.

On December 3, 1990, Dr. Cooper found that Denison's initial injury was in the form of a sprain/strain to his right knee. Dr. Cooper found that as of the day of his examination, Denison had no residual disability or functional limitations and was fully capable of returning to work without restrictions.

On December 21, 1990, Mary Nevin, M.D., found that Denison had developed reflex sympathetic dystrophy. Denison underwent four sympathetic blocks in an attempt to resolve the problem which did not appear successful.

The referee, relying on Dr. Cooper's testimony, found Denison had fully recovered from any work-related injury as of December 3, 1990, and dismissed Denison's petition for benefits. The WCAB affirmed.

Although not artfully expressed, on appeal to this Court,[4] Denison argues that because the referee found that he had met the definition of an extraterritorial employee under Section 305.2 of the Act, that he should automatically be entitled to benefits under the Pennsylvania Act. Denison

4. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

asserts that the termination under the Illinois Act was improper because the Pennsylvania Act requires benefits, *once granted* to continue until a referee grants a termination. This argument is based upon the different procedures used to terminate a claim in Illinois and Pennsylvania.

Under the Illinois Act, the employer may unilaterally terminate benefits upon receiving an opinion from a physician that the insured employee had recovered. The Pennsylvania Act provides that benefits cannot be terminated until the employer has filed a petition for termination of benefits and a referee has ruled upon such petition. The Pennsylvania Act also provides that the filing of a termination petition does not act as a supersedeas and benefits must continue until the referee so rules. Because the referee ruled that Denison was an extraterritorial employee under the Pennsylvania Act, Denison wants his Illinois claim to be *res judicata* in Pennsylvania, thus, requiring Employer to meet the Pennsylvania Act's termination procedures. This argument misses the point.

First, Claimant received benefits under the Illinois Act, accepting compensation and medical benefits. These benefits continued in Illinois until Dr. Cooper examined Denison and found him to be without residual disability from his work injury. Only after Dr. Cooper informed Employer that Denison had fully recovered and Illinois compensation was terminated did Denison complain and then choose to pursue benefits under the Pennsylvania Act. We cannot wave a wand over the months when the Illinois Act covered Denison and give him the rights under the Pennsylvania Act. The fact that Denison had the right to pursue a Pennsylvania claim does not automatically entitle him to benefits in Pennsylvania. Denison had to prove he is disabled as a result of a work injury in order for benefits to be granted. *Miller v. Workmen's Compensation Appeal Board (Pocono Hospital)*, 114 Pa.Commonwealth Ct. 405, 539 A.2d 18 (1988). The referee gave Denison the opportunity to prove that he was disabled under Pennsylvania law. However, the referee did not find that Denison suffered a work-related injury from which he was disabled on the date he filed his Pennsylvania claim. The referee relied

on Dr. Cooper's unequivocal medical testimony[5] that Denison had fully recovered effective December 3, 1990. As factfinder, a referee may accept or reject the testimony of any witness, in whole or in part. *Kope v. Workmen's Compensation Appeal Board (Borg Warner Corp.),* 98 Pa.Commonwealth Ct. 341, 510 A.2d 1294 (1986). Questions of credibility or resolutions of conflicting testimony and weight to be given evidence are all matters to be resolved by the referee. *Stewart v. Workmen's Compensation Appeal Board,* 64 Pa.Commonwealth Ct. 266, 439 A.2d 1304 (1982). We have reviewed the record and hold that the referee properly relied on Dr. Cooper's testimony as substantial evidence to support his findings.

Accordingly, we affirm.

### ORDER

AND NOW, this 12th day of August, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

5. A medical opinion must be unequivocal and offered with reasonable medical certainty in order to support a referee's finding of fact. *Spotts v. Workmen's Compensation Appeal Board (Superior Tube Co.),* 116 Pa.Commonwealth Ct. 304, 541 A.2d 446 (1988), *appeal denied,* 520 Pa. 622, 554 A.2d 513 (1989).