Equitable Gas Company, Petitioner *v.* Workmen's Compensation Appeal Board (Haines), Respondents.

Argued March 14, 1984, before Judges ROGERS, COLINS and BARBIERI, sitting as a panel of three.

*Stuart A. Karn,* with him, *Fred C. Trenor, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*John R. DeAngelis,* for respondent, Scott D. Haines.

OPINION BY JUDGE COLINS, May 16, 1984:

This is an appeal by Equitable Gas Company (petitioner) from an Order of the Workmen's Compensation Appeal Board affirming the referee's decision awarding benefits to Claimant, Scott Haines, and assessing attorney's fees against the petitioner for having raised an unreasonable contest.

The Claimant was injured while riding home from having read meters for his employer. He had in his possession cards to fill out, which he usually completed at home and turned in at work the next day. Once he had visited the addresses given him by his employer and filled out his cards, his day's work was finished. These practices were included in a collective bargaining agreement between the Claimant's union and his employer. Claimant drove his own vehicle (a motorcycle) while working, as well as to and from his home and office.

Petitioner argues that the Claimant was not in the course of employment when he was injured because he was on his way home at the time. Petitioner further claims that it was improper for the referee to have

awarded attorney's fees absent evidence in the record that the contest was unreasonable. Petitioner relies upon the "going and coming rule" to show that the Claimant does not qualify for benefits. This rule stands for the proposition that:

an injury sustained while the employee is going to or coming from work does not occur in the course of employment unless one of the following exceptions is shown to exist:

1. Claimant's employment contract includes transportation to and from work;

2. Claimant has no fixed place of work;

3. Claimant is on a special mission for employer; or

4. Special circumstances are such that claimant was furthering the business of the employer.

*Setley v. Workmen's Compensation Appeal Board,* 69 Pa. Commonwealth Ct. 241, 244, 451 A.2d 10, 11 (1982).

In the above quoted matter, the Claimant worked in a plant and, therefore, had a fixed place of employment. However, here the Claimant did not work at one location, but, in fact, picked up his cards and a list of addresses at his office and traveled from one place to another checking meters. His itinerary varied from day to day. After he finished visiting these locations he returned home to complete the cards he had been given. This procedure was sanctioned by his employer. Since his work was not actually performed in his office, but at various locations during the day, and at home, we cannot agree that the office, where he merely picked up his itinerary, cards and keys, was his fixed place of work. His assigned route varied each day. Also, Claimant's union collective bargaining agreement with his employer included travel time to and from work as part of his paid work day and he was being paid for the use of his motorcycle.

We concur with the conclusions of the referee and the Board pertaining to the granting of benefits. Claimant qualifies for benefits under exceptions one and two of the going and coming rule. He had not completed his work for the day, and as was known to his employer, he was returning home to finish the day's assignments. He was being paid for his time travelling to and from work as well as for the use of his motorcycle. He was still engaged in the furtherance of his employer's business when he was injured, although he was not actually working at that moment. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Our scope of review when the party with the burden of proof has prevailed is "limited to a determination as to whether or not constitutional rights were violated; an error of law was committed; or any necessary finding of fact was unsupported by substantial evidence." *Id.* at 180, 305 A.2d at 760. Although we do not find any error of law, constitutional violation or unsupported finding of fact pertaining to Claimant's granting of benefits, we do find an error of law in the award of attorney's fees.

The reasonableness of petitioner's contest is a legal conclusion based on the referee's fact finding, supported by substantial evidence, and the legal issues involved. *Murray v. Workmen's Compensation Appeal Board,* 45 Pa. Commonwealth Ct. 3, 404 A.2d 765 (1979). This question of law is subject to our review. *Jodon v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980). An award of attorney's fees is the rule in cases where the Claimant has prevailed unless the record shows a reasonable basis for the employer's contest. *Kane v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 192, 435 A.2d 312 (1981). Although

there is no dispute as to the facts in this matter, there is a real disagreement as to the legal conclusions involved. The employer was not acting unreasonably in contesting a legitimate legal question.

Therefore, we affirm the granting of benefits and reverse the award of attorney's fees.

### ORDER

AND NOW, May 16, 1984, the order of the Workmen's Compensation Appeal Board dated December 9, 1982, at A-82036, is affirmed in part concerning the award of benefits to Scott D. Haines and reversed in part concerning the award of attorney's fees.