Samuel Smith, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board (Westinghouse Electric Corporation), Respondents.

Westinghouse Electric Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board (Samuel Smith), Respondents.

Argued November 16, 1984, before Judges Mac-Phail, Doyle and Palladino, sitting as a panel of three.

*Robert J. Trageser,* with him, *Dan P. Wimer,* for petitioner/respondent, Samuel Smith.

*Robert W. Murdoch,* with him, *Paul K. Greer, Robert C. Jones* and *Paul A. Robb, Jones, Gregg;*

*Creehan & Gerace,* for respondent/petitioner, Westinghouse Electric Corporation.

OPINION BY JUDGE PALLADINO, June 20, 1985:

This case presents cross-appeals by Samuel Smith (Claimant) and Westinghouse Electric Corporation (Employer) from an order of the Pennsylvania Workmen's Compensation Appeal Board (Board) which modified and affirmed a referee's decision suspending a notice of compensation payable to Claimant. We affirm the Board's order.

Claimant was employed as an assistant accounting analyst by Employer on May 4, 1977 when Claimant fell on the stairs at work and injured his back. Pursuant to a Notice of Compensation Payable, Claimant was paid workmen's compensation benefits from May 4, 1977 through November 23, 1977. On December 7, 1977 Employer filed a Termination Petition alleging that Claimant was able to return to work on November 23, 1977 and attached a Physician's Affidavit of Recovery stating that Claimant had sufficiently recovered from the May 4, 1977 injury and was able to resume his previous occupation, without limitation, on November 23, 1977.[1] Employer ceased making compensation payments to Claimant on November 23, 1977 pursuant to the automatic supersedeas provisions of section 413(a) of The Pennsylvania Workmen's Compensation Act (Act).[2]

---

[1] The physician's Affidavit of Recovery was submitted on a form prepared by the Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation. On the part of the form which requires the physician to certify that a Claimant has fully recovered from injury, Employer's staff physician had crossed off the word "fully" and substituted the word "sufficiently".

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §774. Section 413(a) provides, in pertinent part:

Claimant subsequently filed a Petition for Reinstatement which was consolidated with Employer's Petition for Termination for purposes of hearings before the referee. The referee held six days of hearings at which Claimant introduced the deposition testimony of four physicians:

1) Dr. Slater, a board certified surgeon, examined Claimant on August 29, 1977 with regard to injuries received by Claimant in a non-work-related automobile accident which occurred on December 23, 1976. Dr. Slater testified that Claimant had told him that he had no back pain after the automobile accident but that the doctor had seen a report from a chiropractor diagnosing a lumbar sprain on March 24, 1977. Dr. Slater was therefore unable to unequivocally establish the cause of Claimant's disability;

2) Dr. Newman, a chiropractor, was first consulted by Claimant on March 24, 1977 at which time he diagnosed Claimant as having an "acute cervical/dorsal/lumbar/sacral strain" which was not caused by an injury or illness arising from Claimant's employment;

3) Dr. Sessoms, a board-certified family practitioner, first saw Claimant in August of 1978 and testified that Claimant's back pain "more than likely" was initially the result of the May 4, 1977 fall and was secondarily caused by degenerative joint disease of the left knee;

---

The filing of a petition to terminate . . . a notice of compensation payable . . . shall operate as a supersedeas, and shall suspend the payment of compensation . . . only when such petition alleges that the employee has returned to work at his prior or increased earnings or where the petition alleges that the employee has *fully* recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect. . . . (Emphasis added.)

*Id.*

4) Dr. Bookert, a family practitioner, first saw Claimant on September 30, 1977, and testified that Claimant suffered from a lumbar sprain which disabled him from working even a sedentary job because of severe pain. Dr. Bookert also testified that Claimant had been disabled for an extraordinary period for the mild trauma involved.

Employer introduced the testimony of Dr. Spritzer, an internist and medical director for employer. Dr. Spritzer examined Claimant on October 3, 1977 and on November 22, 1977.[3] Dr. Spritzer was of the opinion that Claimant was sufficiently recovered to be able to return to work and executed the Physician's Affidavit of Recovery.

The referee found Dr. Spritzer's testimony the most credible and concluded that although Claimant still suffered from a partial disability of an undetermined percentage, this disability was partially the result of causes other than the work-related injury and it did not prevent Claimant from performing the duties of his regular job. The remaining disability was, therefore, not reflected in a loss of earning power. The referee entered an order of suspension as of November 23, 1977 predicated upon Employer's failure to meet its burden of proving that all of Claimant's work-related disability has ceased. The referee further concluded that Claimant was not entitled to attorney's fees.

Claimant appealed the referee's decision to the Board. The Board affirmed the referee's suspension

---

[3] In his Petition for Reinstatement, Claimant alleged that the November 22, 1977 examination by Dr. Spritzer never took place or, in the alternative, was insufficient to constitute a basis for completing the Physician's Affidavit of Recovery. The referee found that Claimant failed to prove these allegations and that they were without merit.

of compensation but held that Employer was not entitled to avail itself of the automatic supersedeas because Dr. Spritzer had certified only that Claimant had "sufficiently" recovered from his work-related injury, which did not comply with the statutory requirement that the physician certify that a claimant has "fully" recovered. The Board therefore modified the referee's order to suspend the Notice of Compensation Payable as of March 16, 1981, the date that the referee's decision was filed.[4]

Employer appeals the Board's order with respect to this modification. Employer argues that it acted in good faith, substantially complied with the statutory requirements for an automatic supersedeas and that Claimant should not receive compensation for a period when he was not entitled to it. Claimant appeals the Board's order on three grounds: 1) that the referee's decision is not supported by substantial evidence; 2) that the referee incorrectly denied attorney's fees; and 3) that the Board incorrectly declined to assess a penalty against Employer for its improper reliance on the automatic supersedeas provisions of the Act.

The referee and the Board correctly placed the burden on Employer to prove that Claimant's disability had terminated, or in the alternative, if Claimant's recovery was less than complete, that he was able to return to his regular job without a loss of earning power. See, e.g., Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (John H. Swick), 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983). Our scope of review is, therefore, limited to a deter-

---

[4] The Board also affirmed the referee's denial of attorney's fees to Claimant. The Board further ruled that there can be no penalty in this case for Employer's improper reliance on the automatic supersedeas provisions of the Act.

mination of whether the referee's findings of fact are supported by substantial evidence, and whether an error of law or violation of constitutional rights has been committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Deppenbrook)*, 82 Pa. Commonwealth Ct. 596, 476 A.2d 989 (1984). Questions of credibility and evidentiary weight are to be resolved by the referee. *J. I. Hass Co., Inc. v. Workmen's Compensation Appeal Board*, 63 Pa. Commonwealth Ct. 82, 437 A.2d 786 (1981).

In the case at bar the referee was presented with five conflicting medical opinions. He found the testimony of Dr. Spritzer to be the most credible. His findings of fact are based primarily upon Dr. Spritzer's testimony, which testimony constitutes substantial evidence. The mere fact that the referee disregarded much of the testimony of the other physicians does not render the referee's findings unsupported. Accepting or rejecting the testimony of any witness, in whole or in part, is within the referee's unique role as fact finder. *Republic Steel Corp.*

A prevailing claimant is entitled to an award of attorney's fees pursuant to section 440 of the Act, 77 P.S. §996, unless the record supports a conclusion that the Employer had a reasonable basis for contesting liability. *Gunther v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 487, 444 A.2d 1342 (1982). "[W]here medical evidence is conflicting or subject to contrary inferences on a material issue and where there is no evidence that the contest was frivolous or made for the purposes of harassment, an employer's contest is reasonable." *Id.* at 491, 444 A.2d at 1344, (citations omitted). In the case at bar the conflicting medical evidence more than adequately supports the referee's conclusion that Employer's contest was reasonable. The referee and the Board,

therefore, correctly denied an award of attorney's fees.

Claimant's final argument, that the Board should have imposed a penalty upon Employer, pursuant to sections 413(b) and 435 of the Act,[5] for the improper use of the automatic supersedeas provisions is without merit. The Board was correct in holding that Employer. did not comply with the requirements of section 413(a) of the Act and was therefore not en-

---

[5] Sections 413(b) and 435, 77 P.S. §§774.1 and 991. Section 413(b) provides, in pertinent part:

§774.1. Improper suspension, etc. of payments; penalty

Any insurer who . . . terminates . . . payments of compensation . . . without filing a petition and either alleging that the employe has returned to work at his prior or increased earnings or where the petition alleges that the employe has fully recovered and is accompanied by an affidavit of a physician on a form prescribed by the department to that effect which is based upon an examination made within fifteen days of the filing of the petition or having requested and been granted a supersedeas as provided in this section, shall be subject to penalty as provided in section 435.

Section 435 provides, in pertinent part:

§991. Rules and regulations regarding prompt compliance; hearings; penalties; occupational disease services

. . .

(d) The department, the board, or any court which may hear any proceedings brought under this act shall have the power to impose penalties as provided herein for violations of the provisions of this act or such rules and regulations or rules of procedure;

(i) Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, That such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

titled to an automatic supersedeas. Section 413(a) allows an automatic supersedeas only in two very limited situations: when the employee has returned to work or when he has *fully* recovered.[6] In order to protect the disabled employee from having his benefits terminated prior to a full recovery, section 413(a) requires that a physician certify that the employee is *fully* recovered. In the case at bar the physician's affidavit certified only that Claimant had sufficiently recovered to enable him to perform his prior duties. The affidavit is defective because it fails to support the necessary allegation of Employer's Termination Petition that Claimant has fully recovery. Consequently, the requirements of section 413(a) have not been met and employer was not entitled to an automatic supersedeas. *See Holy Spirit Hospital v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 372, 406 A.2d 583 (1979).

Therefore, the Board correctly ordered that compensation be paid through the date that the referee entered his decision suspending payments. Whether or not to impose a penalty for the violation of section 413(a), however, is a matter of discretion. *Lord v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 626, 395 A.2d 598 (1978). On the facts presented, the Board did not abuse its discretion in declining to assess a penalty for this violation of the Act.

Accordingly, we affirm the Board's order.

---

[6] We note that the United States District Court for the Eastern District of Pennsylvania has held that the automatic supersedeas provisions of section 413(a) are unconstitutional. *See Baksalary v. Smith,* 597 F. Supp. 218 (ED Pa. 1984). Because the final order of the Board was entered prior to the *Baksalary* decision, and because we affirm the Board's determination that Employer was not entitled to the automatic supersedeas, we need not address the impact of *Baksalary* on the case at bar.

ORDER

AND NOW, June 20, 1985, the order of the Workmen's Compensation Appeal Board, No. A-81065, is affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.