509 A.2d 964

Edward Penczkowski, Petitioner *v.* Workmen's Compensation Appeal Board (Foster-Wheeler Energy Corp. and The Hartford), Respondents.

Submitted on briefs April 8, 1986, to Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Joseph A. Prim, Jr., Stephen A. Sheller & Associates,* for petitioner.

*Hugh F. Mundy,* with him, *Marianne C. Smith, Dougherty, Mundy & Leventhal,* for respondents.

OPINION BY JUDGE PALLADINO, May 22, 1986:

This is an appeal by Edward Penczkowski (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision which denied a modification petition presented by Foster Wheeler Energy Corporation (Employer) but declined to award attorney's fees to Claimant pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Section 440).[1] Claimant is appealing only the denial of attorney's fees. We affirm the Board's order.

_____

[1] Act of June 2, 1915, P.L. 736, added by Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. §996.

The facts as found by the referee are not in dispute. On February 28, 1975, Claimant sustained a work-related fracture of the upper tibia. Claimant was totally disabled as a result of the fracture and received workmen's compensation pursuant to a notice of compensation payable. On January 4, 1982, Employer filed a petition for modification alleging that Claimant's injury had resolved itself into a specific loss of use of the left leg or, in the alternative, that Claimant was capable of performing sedentary work which was available. After a hearing, at which both Claimant and Employer presented the deposition testimony of expert medical witnesses, the referee concluded that Employer had not met its burden of proving either that Claimant's injury had resolved itself into a specific loss or that Claimant was able to perform available sedentary work. The referee made no determination as to whether Employer's contest was reasonable and did not specifically award or deny attorney's fees.

Both parties appealed the referee's decision to the Board, which affirmed the referee's decision on the merits. The Board also stated that "the Referee made no finding on assessment of counsel fees and reasonableness of contest because no request of an award of attorney's fees was made in Claimant's Answer, or anywhere in the record. . . ." The Board concluded that the request for attorney's fees must be denied because the request was not properly raised below. We agree.

This Court has held that it is error for a referee to award attorney's fees against an employer pursuant to Section 440 without a request being presented by the claimant. *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 12, 432 A.2d 1128 (1981), *citing C.P. Wright Construction Co. v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 531, 406 A.2d 1202 (1979); *Landis*

*v. Zimmerman Motors, Inc.*, 27 Pa. Commonwealth Ct. 99, 365 A.2d 190 (1976). Claimant asserts that attorney's fees were requested. In support of this assertion, Claimant points to the transcript of the hearing wherein he was asked by his attorney whether he had a fee agreement with his attorney and he responded that he had such an agreement which obligated him to pay twenty percent of any award received to his attorney. This testimony does not satisfy the requirement that an award of attorney's fees must be requested before the referee. This is particularly true in view of Section 442 of The Pennsylvania Workmen's Compensation Act,[2] which requires that all fees paid to a claimant's attorney be approved by the referee. Claimant's testimony is more appropriately addressed to seeking such approval than to securing an award of attorney's fees to be paid by Employer.

Futhermore, whether or not an employer's contest of liability is reasonable is a question of law subject to review by this Court. *Cleaver v. Workmen's Compensation Appeal Board (Wiley/Continental Food Service)*, 72 Pa. Commonwealth Ct. 487, 456 A.2d 1162 (1983). A specific finding on the issue of whether the contest was reasonable is not required. *Murray v. Workmen's Compensation Appeal Board*, 45 Pa. Commonwealth Ct. 3, 404 A.2d 765 (1979); *Poli v. Workmen's Compensation Appeal Board*, 34 Pa. Commonwealth Ct. 630, 384 A.2d 596 (1978). A prevailing claimant is entitled to an award of attorney's fees pursuant to Section 440 unless the record supports a conclusion that the employer had a reasonable basis for contesting liability. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). A reasonable contest is established

---

[2] 77 P.S. §998.

where the medical evidence is conflicting or subject to contrary inferences and where there is no evidence that the contest was frivolous or made for the purpose of harassment. *Id.*

Our thorough review of the record in the case at bar reveals that there is conflicting medical evidence with respect to the residual type and amount of disability suffered by Claimant. Because the medical evidence is conflicting and there is no evidence that the modification petition was frivolous or filed for purposes of harassment, Employer's contest was, as a matter of law, reasonable.

Accordingly, the order of the Board is affirmed.

ORDER

AND NOW, May 22, 1986, the order of the Workmen's Compensation Appeal Board, at A-86700, dated November 1, 1984, is affirmed.