522 A.2d 1201

Anna Polenz, Petitioner *v.* Workmen's Compensation Appeal Board (City of Philadelphia), Respondents.

54

Argued December 8, 1986, before Judges MacPhail and Colins, and Senior Judge Kalish, sitting as a panel of three.

A. *Arthur Hanamirian,* with him, *Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner.

*John B. Day,* with him, *Carol A. Mickey,* Deputy City Solicitor, and *Barbara W. Mather,* City Solicitor, for respondents.

Opinion by Senior Judge Kalish, March 24, 1987:

Anna Polenz (claimant) petitions for review of a Workmen's Compensation Appeal Board (Board) decision which reversed a referee's decision and denied her workmen's compensation benefits. We reverse the Board.

Claimant began working for the City of Philadelphia as an appointed magistrate in April, 1965. She then worked as a clerk in the Traffic Court from November, 1965 until December, 1975, when she was hospitalized with coronary artery disease and angina. She returned to work, and worked intermittent days in January and February, 1976. On March 1, 1976, she was readmitted to the hospital, and did not return to work thereafter. Claimant filed a claim petition on August 27, 1979.

The referee found that although claimant's claim petition was filed outside of the statute of limitations, she had given notice of her work-related injury to her employer's representatives and was misled by the employer's representatives into believing that compensation would be paid. Thus, the referee granted total disability benefits, concluding that claimant's claim petition was timely filed, and that her condition was work-related.

On appeal to the Board, the sole issue raised was whether the claim was barred by the statute of limitations set forth in section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §602. The Board reversed, determining that claimant failed to support her claim that she was misled by the employer, and that therefore her claim was barred by the statute of limitations.

Claimant argues that the employer had notice of her work-related injury, but failed to investigate, commence compensation payments, or issue a denial, as required by section 406.1 of the Act, 77 P.S. §717.1. Additionally, claimant contends that the employer lulled her into a false sense of security, and that therefore her claim should not have been barred by the statute of limitations.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

The referee made the following pertinent findings of fact:

14. Although Claimant did not file the instant Claim Petition until August 27, 1979 the

Referee finds as a fact that Claimant gave notice of her work-related injury to representatives of Defendant and was misled by employer's representatives that Workmen's Compensation would be paid.

15. The referee finds that on July 1976 and in September and October of 1976, Claimant's sister, Mildred Unbow, had a telephone conversation with Judge LOUIS VIGNALA, [sic] President Judge of the Traffic Court, who stated to her that Claimant was entitled to Workmen's Compensation Benefits for her injury and condition related to her work and she would receive said benefits within due time and that as a result of said [sic] Claimant withheld the filing of her Claim Petition.

Our review of the record shows that these findings are supported by substantial evidence. Following claimant's discharge from the hospital in March, 1976, claimant called one of the personnel clerks and advised her that the doctor said she couldn't work any longer. That testimony was as follows:

[Claimant's Counsel]: Did you call any of your supervisors—

[Claimant]: Oh, yes; oh, yes.

[Claimant's Counsel]: —or contact them?

[Claimant]: Yes.

[Claimant's Counsel]: Who did you contact?

[Claimant]: Well, I contacted first Florence Duffey who handled the paper work.

. . . .

[Claimant's Counsel]: What did you advise her?

[Claimant]: You got me in a quandry. I don't know how to answer that. I advised her

that the doctor said that I couldn't work any more.

*N.T.,* 10/17/79, at 16-18. Claimant had further conversations with the personnel director. She testified:

Well, I asked him, since I was completely unable to work, was it possible that he could expedite matters so that I could apply for workmen's compensation and he didn't see why not and he would get right after it and that was the first of many calls by the way.

*Id.* at 19. Claimant also testified that from March, 1976 until August or September, 1976, she attempted to contact the personnel director four or five times and was told that he was working on it and that he would call her back. *See id.* at 20.

In addition to claimant's efforts to contact her employer's representatives concerning benefits, the record shows that claimant's sister spoke with the employer's representatives in an attempt to resolve the situation. Claimant's sister testified that she contacted Judge VIGNOLA of the Traffic Court. That testimony was as follows:

[Claimant's Counsel]: Now, during 1976, did you have any occasion to speak with a superior in the traffic court?

[Claimant's Sister]: Yes, I did. I spoke with Judge VIGNOLA.

[Claimant's Counsel]: When was this?

[Claimant's Sister]: This was about July of 1976.

[Claimant's Counsel]: Did you call him or did he call you?

[Claimant's Sister]: No, I called him, because he said—

[Claimant's Counsel]: Why did you call him?

[Claimant's Sister]: Because she wasn't getting workmen's compensation and she wasn't allowed to work. Dr. Snyder told her—

*N.T.*, 7/23/80, at 9. Over objection, she testified that Judge VIGNOLA told her that he would try to get workmen's compensation for claimant, and that claimant was entitled to it. *See id*. at 10-11. Claimant's sister also stated that she made further attempts to contact Judge VIGNOLA. *Id*. at 11. Thus, the record reveals that claimant failed to file a claim petition because she believed various people's assurances that they were working on getting her benefits.

In workmen's compensation cases, questions of credibility and evidentiary weight are to be resolved by the referee. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). We are satisfied from our review of the record that the referee's findings are supported by substantial evidence. We also conclude that the referee has committed no errors of law.

Accordingly, we will reverse the Board.

## ORDER

NOW, March 24, 1987, the order of the Workmen's Compensation Appeal Board, No. A-85335, dated March 7, 1985, is reversed and the order of the referee, dated December 22, 1982, is reinstated.