539 A.2d 952

Edward Magayna, Petitioner *v.* Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corporation), Respondents.

Submitted on briefs January 19, 1988, to Judges CRAIG AND PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul E. Sutter, Tillman & Thompson,* for petitioner.

*Leonard P. Kane,* with him, *Michael E. Relich, Fried, Kane, Walters & Zuschlag,* for respondent.

OPINION BY JUDGE PALLADINO, April 7, 1988:

Edward Magayna (Petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision to deny payment by Jones and Laughlin Steel Corporation (Employer) of certain of Petitioner's medical expenses and to deny assessment of penalties and counsel fees. We affirm in part and remand in part.

Petitioner suffered a work-related injury on January 31, 1975 while employed by Employer.[1] As a result of Petitioner's injury, he received medical treatment from various physicians and hospitals. Petitioner thereafter sought payment from Employer for these expenses pursuant to The Pennsylvania Workmen's Compensation Act (Act).[2] On May 10, 1977, a referee found some of the expenses causally connected to the work injury and ordered Employer to pay those medical bills. Employer appealed this order, but the Board dismissed its appeal.

On June 19, 1981, Petitioner filed a petition for review alleging that Employer had not paid the medical bills specified in the 1977 order.[3] Petitioner also sought payment from Employer for additional medical bills for treatment received after 1977 as well as counsel fees and penalties. Employer contested this petition on the grounds that some of the medical treatment pertained to a cardiac condition unrelated to Petitioner's work injury.

---

[1] Petitioner received workmen's compensation benefits for his work-related disability.

[2] Section 306(f) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §531. Section 306(f) states that the employer shall provide payment for reasonable surgical and medical services, medicine, and supplies as and when needed.

[3] Employer contends that it has since paid these medical bills.

At the hearings before a referee, Petitioner presented the reports of Dr. Leopold Bobak and Dr. Marvin Silverblatt.[4] Both Dr. Bobak and Dr. Silverblatt opined that Petitioner's cardiac condition and related treatment were causally connected to the work injury. Employer presented the report of Dr. A. A. El Attar which indicated that Petitioner's cardiac condition was unrelated to the work injury.[5]

By order dated January 3, 1986, the referee determined that Employer was required to pay Petitioner's pre-1977 medical bills in the amount of $1,508.95. In addition, Employer was ordered to pay some of Petitioner's post-1977 medical bills in the amount of $4,364.44.[6] The referee found that Employer was *not* required to pay the medical bills arising from Petitioner's treatment by Dr. Bobak in the amount of $2,540.17. The referee specifically found the opinion of Dr. El Attar to be credible and concluded that Dr. Bobak's treatment of Petitioner was too remote from the work injury to be related. Finally, the referee declined to assess counsel fees and penalties against Employer because Employer had established a reasonable basis for contest. On December 19, 1986, after reviewing the decision of the referee, the Board affirmed.

On appeal, Petitioner presents three issues for our review. Petitioner argues that the referee erred in rejecting the opinion of Dr. Bobak as too remote and asserts that the referee should *not* have accepted the

---

[4] Dr. Bobak began treating Petitioner for the cardiac condition on June 29, 1981. Prior to this date, Petitioner received cardiac care from Dr. Silverblatt. The reports of Dr. Silverblatt were dated August 16, 1978 and October 27, 1982. The reports of Dr. Bobak were dated March 22, 1983 and May 29, 1984.

[5] The report of Dr. El Attar was dated August 12, 1983.

[6] The referee concluded that these expenses *were* related to the work injury.

opinion of Dr. El Attar, which was rendered eight (8) years after the work-related injury. Petitioner asserts that Dr. El Attar did not examine him for a cardiac condition and was not his treating physician. Petitioner also contends that the referee erred in failing to assess counsel fees. Finally, Petitioner contends that the referee erred in declining to award penalties and interest based upon Employer's failure to pay the medical bills specified in the 1977 order.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bailey v. Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.)*, 105 Pa. Commonwealth Ct. 106, 523 A.2d 415 (1987). Where the Board takes no additional evidence, the ultimate fact-finder is the referee, whose factual determinations, when supported by substantial evidence, must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

Petitioner first argues that the referee erred in rejecting the opinion of Dr. Bobak as to the causal relationship between Petitioner's cardiac condition and the work injury. However, this court has held that questions of credibility and evidentiary weight are to be resolved by the referee. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). Further, accepting the testimony of any witness, in whole or in part, is within the referee's role as fact-finder. *Id*. Therefore, the referee was free to give whatever weight he deemed appropriate to the evidence presented, including the reports of Dr. Bobak and Dr. El Attar.

Petitioner next contends that the referee erred in failing to award counsel fees pursuant to Section 440 of

the Act.[7] Section 440 provides that attorney's fees shall be awarded to a claimant, where a case is resolved in the claimant's favor, unless a reasonable basis for the contest is established by the employer. We note that whether a contest is reasonable is a conclusion of law subject to review by this court. *Penczkowski v. Workmen's Compensation Appeal Board (Foster Wheeler Energy Corp.)*, 97 Pa. Commonwealth Ct. 419, 509 A.2d 964 (1986). Further, in determining the reasonableness of an employer's contest, we must inquire whether it was brought to resolve a genuinely disputed issue or merely for the purpose of harassment. *Id.*

In this case, Petitioner presented the reports of two physicians which indicated that Petitioner's cardiac condition was causally related to his work injury. Employer presented the report of one physician indicating that Petitioner's cardiac condition was *not* related to the work injury. Additionally, Petitioner submitted into evidence numerous bills for hospital and physician services as well as drug prescriptions, some of which pertained to the treatment of Petitioner's cardiac condition. The referee ultimately concluded that Dr. Bobak's treatment of the cardiac condition was too remote from the work injury and that Employer was not required to pay the bills arising therefrom. Further, the referee concluded that, given the number and complexity of the medical bills, Employer established a reasonable basis for contest.

This court has held that where medical evidence is conflicting or subject to contrary inferences on a material issue (and where there is no evidence that the contest was frivolous or made for purposes of harassment), the employer's contest is reasonable. *See Smith.* Based upon our thorough review of the record in this case, we

---

[7] 77 P.S. §996.

find that Employer's evidence as to the causal relationship between Petitioner's heart condition and the work injury was substantial evidence to establish a conflict with the evidence presented by Petitioner. Because there was a conflict in the medical evidence, Employer's contest was reasonable. Therefore, the referee's refusal to award counsel fees under Section 440 of the Act was proper.

Finally, Petitioner contends that the referee erred in declining to assess penalties against Employer for its failure to pay the pre-1977 medical bills as specified in the prior order. Petitioner argues that Employer's failure to pay constituted a violation of the Act where Employer was not granted a supersedeas.

Section 430 of the Act[8] provides that any insurer or employer who terminates, decreases, or refuses to make any payment provided for in the decision without filing a petition and being granted a supersedeas shall be subject to a penalty as provided in Section 435 of the Act. Section 435 of the Act[9] states that the department, board, or any court which may hear any proceedings brought under the Act shall have the power to impose penalties for violations of the provisions of the act. Employers and insurers may be penalized ten (10%) percent of the amount awarded and interest accrued and payable. *Id.* However, in cases of unreasonable or excessive delay by an employer or insurer, such penalty may be increased to twenty (20%) percent. *Id.*

We recognize that the referee does have discretion in determining whether to impose penalties under Section 435. *See Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.),* 102 Pa. Commonwealth Ct. 493, 518 A.2d 1305 (1986). In this case, the referee

---

[8] 77 P.S. §971.
[9] 77 P.S. §991(d)(i).

declined to assess penalties against Employer on the grounds that Employer had established a reasonable basis for contest. Despite this conclusion of the referee, we are constrained to remand this matter for further findings of fact and conclusions of law with respect to the penalty issue. *See Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Hamilton)*, 95 Pa. Commonwealth Ct. 594, 505 A.2d 1372 (1986).

Section 418 of the Act[10] requires a referee, to whom a petition is assigned for hearing, to make findings of fact, conclusions of law, and award or disallowance of compensation. The referee's fact-finding function has been interpreted to include a requirement that the referee make findings of fact on all essential issues so that the Board and this court have an opportunity to exercise *meaningful* review. *Marcks v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982).

Here, where the Employer's failure to pay the pre-1977 medical expenses, as specified in the prior order, was in dispute, the extent to which Employer delayed payment, the reason for such delay, and possible violation of the Act were essential issues to be resolved by the referee. The findings and conclusions made by the referee[11] are not sufficient to permit meaningful appel-

---

[10] 77 P.S. 833.

[11] The referee's findings of fact include:

(4) Claimant initially filed a review petition on November 24, 1975 with regard to payment of compensation and medical expenses relating to the January 31, 1975 injury. The petition was resolved by Referee Lawrence J. Laughlin in his decision dated May 10, 1977. The decision of the Referee was not appealed.

(6) Claimant thereafter filed a second petition for review on or about June 9, 1981, alleging that various medical bills related to the work injury on January 31, 1975 have not been paid by the employer.

late review of the extent, if any, to which the referee may have resolved these issues in declining to assess penalties.

On remand, we direct that the Board or referee make findings of fact with respect to whether Employer refused or delayed payment of Petitioner's medical expenses as ordered on May 10, 1977, and, if it refused or delayed payment, the reason for doing so. The Board or referee is further directed to make conclusions of law from these findings of fact. These should include a determination of whether Employer engaged in an unreasonable or excessive delay, whether Employer violated the Act, rules, or regulations, and whether penalties should be imposed. *See Boothman v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 74 Pa. Commonwealth Ct. 234, 459 A.2d 1317 (1983).

ORDER

AND NOW, April 7, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed in part and remanded in part for findings of fact and conclusions of law consistent with the foregoing opinion.

Jurisdiction relinquished.

---

(8) Your referee finds that the following medical expenses were ordered and directed to be paid by the defendant-employer in Referee Laughlin's prior unappealed order. These bills were found as reasonable and related to the work injury and cannot not [sic] now be disputed.

(16) Claimant's counsel has requested that penalties and counsel fees be awarded in this case. Based on the complexities of the bills involved as well as the great number of bills involved, your Referee finds that the defendant-employer had a reasonable basis to contest the payment of these bills.