551 A.2d 609

North Philadelphia Aviation Center and National Union Fire Insurance Company of Pittsburgh, Petitioners *v.* Workmen's Compensation Appeal Board (Regan), Respondents.

Theresa Regan, Petitioner *v.* Workmen's Compensation Appeal Board (North Philadelphia Aviation Center and National Union Fire Insurance Company of Pittsburgh), Respondents.

North Philadelphia Aviation Center and National Union Fire Insurance Company of Pittsburgh, Petitioners *v.* Workmen's Compensation Appeal Board (Regan), Respondents.

Theresa Regan, Petitioner *v.* Workmen's Compensation Appeal Board (North Philadelphia Aviation Center and National Union Fire Insurance Company of Pittsburgh), Respondents.

Argued June 16, 1988, before Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Joyce J. Sweinberg,* for petitioner, Theresa Regan.

*A. James Johnston, Post & Schell, P.C.*, for respondent, North Philadelphia Aviation Center and National Union Fire Insurance Company of Pittsburgh.

OPINION BY JUDGE SMITH, December 12, 1988:

This matter arises from a petition and cross-petition for review taken by North Philadelphia Aviation Center (Employer) and its insurance carrier, National Union Fire Insurance Company of Pittsburgh, and Theresa Regan (Claimant), respectively, from the final amended order[1] of the Workmen's Compensation Appeal Board (Board) which reversed the referee's finding that Employer's contest was unreasonable, and directed that all attorney's fees be paid from Claimant's compensation pursuant to The Workmen's Compensation Act (Act).[2] The Board affirmed the referee in all other respects. The Board's final amended order is affirmed.

Claimant, a bookkeeper/secretary/receptionist for Employer, sustained work-related injuries to her head, neck, shoulders, and back on September 15, 1983 when the office trailer in which she worked was struck by a delivery van. Claimant received benefits pursuant to a notice of compensation payable until she executed a supplemental agreement that suspended benefits effective November 14, 1983. Shortly thereafter, Claimant was discharged and received unemployment compensation benefits from November 1983 to May 1984 when she acquired full-time employment as a mortgage clerk. Claimant worked until July 1984 at which time she ceased working on the advice of her treating physician. On August 30, 1984, Claimant filed a petition for rein-

---

[1] The initial Board order is rendered moot since its final amended order dated October 9, 1987 encompasses and extends beyond the initial order. Accordingly, only those issues raised that relate to the Board's final amended order will be addressed.

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1031.

statement of compensation, subsequently amended to a petition to review the supplemental agreement, alleging recurrence of total disability as of July 11, 1984. Claimant returned to her job as mortgage clerk on a part-time basis from December 1984 until January 1985 when her treating physician recommended that she undergo anterior cervical fusion. Claimant has been unable to resume any type of employment due to post-operative recuperation.

After several hearings, the referee granted Claimant's petition to review the supplemental agreement on the basis that Claimant executed the supplemental agreement under a mistake of fact. The referee also directed Employer to pay Claimant total disability indefinitely retroactive to November 14, 1983, plus interest at the rate of ten percent on all deferred compensation less a partial credit for income earned by Claimant; reasonable medical expenses, plus interest at the rate of ten percent on unpaid medical bills; Claimant's litigation expenses; a twenty percent penalty on outstanding medical bills; attorney's fees in the amount of twenty percent of all compensation payable pursuant to Section 440 of the Act, 77 P.S. §996, for an unreasonable contest; and attorney's fees in the amount of twenty percent of the outstanding medical expenses. Employer appealed to the Board, which found Employer's contest to be reasonable, and accordingly, reversed the referee's decision insofar as it awarded attorney's fees of twenty percent of the outstanding medical expenses, but affirmed in all other respects. Employer thereafter petitioned this Court for review of the Board's order and Claimant cross-petitioned, both petitions being consolidated by order of this Court. In the interim, the Board issued an amended order dated October 9, 1987 directing that all attorney's fees be paid out of Claimant's compensation, and again, affirmed the referee's decision in

all other respects. Employer petitioned this Court for review of the Board's amended order and Claimant cross-petitioned.[3] Both petitions were consolidated by order of this Court.[4]

Issues presented for review by Employer are whether substantial evidence supports the referee's finding that Claimant signed the subject supplemental agreement under a mistake of fact; and whether the referee erred as a matter of law in finding that Claimant was presumed to be totally disabled in view of the referee's failure to acknowledge or address Employer's evidence of job availability. Claimant, on the other hand, raises the issue as to whether Employer engaged in an unreasonable contest.

Employer initially challenges the referee's findings and conclusions pertaining to Claimant's mistaken belief that she was able to return to work as not being supported by substantial evidence. Employer first argues that there was no mistake of fact at the time the supplemental agreement was executed and it was not until July 11, 1984 that Claimant realized she would be unable to continue working. The referee, however, based upon competent substantial evidence of record, found that Claimant was incapable of any employment during the time periods of November 14, 1983 through May 15, 1984; July 11, 1984 through December 3, 1984; and

---

[3] Both parties' petitions for review of the Board's original order are found at Nos. 1933 and 2233 C.D. 1987 while their petitions for review of the Board's final amended order are encompassed under Nos. 2555 and 2652 C.D. 1987.

[4] This Court's scope of review is limited to determining whether constitutional rights were violated; an error of law was committed; or necessary findings of fact are supported by substantial evidence. *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart)*, 118 Pa. Commonwealth Ct. 22, 544 A.2d 1078 (1988); Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

January 24, 1985 through the present time. Findings of Fact Nos. 10, 12, 14; Conclusions of Law Nos. 6, 11. Credibility determinations and resolution of conflicting testimony are for the referee. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Accordingly, where, as here, the referee's findings are supported by substantial evidence and the Board takes no additional evidence, the referee's findings must be accepted. *Sokol v. Workmen's Compensation Appeal Board (State Regional Correctional Facility)*, 91 Pa. Commonwealth Ct. 396, 497 A.2d 670 (1985).

Employer alternatively argues that Claimant's mistaken belief at the time she executed the supplemental agreement was not the type of mistake of fact justifying a modification or setting aside of the supplemental agreement, and therefore, Claimant failed to sustain her burden of proving that the supplemental agreement was incorrect in any material respect.[5] Employer relies primarily upon *Augustine v. Evert Lumber Co.*, 134 Pa. Superior Ct. 167, 3 A.2d 284 (1938) in support thereof. In *Augustine*, claimant, as here, filed a petition for review of a supplemental agreement pursuant to Section 413 of the Act, 77 P.S. §772, alleging that the supplemental agreement was premised upon a mistake and that his condition was gradually worsening due to his work-related injury. The Superior Court stated that claimant's mistaken belief as to his ability to work when the supplemental agreement was executed is not the type of mistake contemplated by Section 413.

---

[5] Although Claimant asserts that Employer failed to raise this defense before the referee, nothing of record sufficiently demonstrates that Claimant advanced this contention before the Board. This Court is bound on appeal to consider only facts of record. *Economy Decorators, Inc. v. Workmen's Compensation Appeal*

Claimant, however, also alleged recurrence of total disability in her original petition which could justify reinstatement of compensation if sufficiently established by Claimant. It is beyond refute that the form of the petition is not determinative where facts warrant relief. If Claimant is entitled to relief under any section of the Act, the petition will be deemed to have been filed pursuant to that section. *Pittsburgh Press Co. v. Workmen's Compensation Appeal Board (Pecora)*, 82 Pa. Commonwealth Ct. 538, 475 A.2d 972 (1984). Moreover, where there has been a suspension agreement, as here, claimant need only establish continuing disability and recurrence of loss of earnings. *Palmiere v. Workmen's Compensation Appeal Board (East End Trucking)*, 91 Pa. Commonwealth Ct. 137, 496 A.2d 918 (1985).

Based upon competent substantial evidence of record, the referee found that claimant has been totally disabled from working in any capacity since November 14, 1983, except for the two unsuccessful work attempts totalling 17 weeks; and that the progressive deterioration of Claimant's condition since the work-related incident necessitated surgical intervention. Findings of Fact Nos. 4-8, 10-14, 20; Conclusions of Law Nos. 6, 11. Accordingly, the referee committed no error in granting Claimant's petition on the basis of substantial evidence of record.

Employer further argues that the referee's finding of Claimant's presumed total disability constitutes an error of law in light of the referee's failure to acknowledge or address Employer's evidence of job availability. Contested Finding of Fact No. 16 provides that:

The Defendant and/or its insurance carrier has presented no evidence or testimony of other employment which claimant *is capable of perform-*

*Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986).

*ing,* and Claimant is therefore presumed to be totally disabled. (Emphasis added.)

Employer presented testimony of an available position as junior bookkeeper/data entry clerk for which Claimant is technically qualified. N.T., pp. 7, 10, 13-14, 23, April 16, 1986 Hearing. Testimony elicited from Claimant and Dr. Lowe, however, established that Claimant is not capable of presently performing the job responsibilities of this position or any position. Findings of Fact Nos. 8, 14; Conclusions of Law Nos. 6, 11; N.T., pp. 28-30, April 16, 1986 Hearing; Dr. Lowe's Deposition, p. 55. Employer therefore failed to sustain its burden of proving suitable, available work. *See Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici),* 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986).[6] Accordingly, the referee committed no error of law.

Claimant's cross-petition for review raises the final issue to be addressed, that being whether the Board erred as a matter of law in reversing the referee's decision insofar as it assessed attorney's fees against Employer for engaging in an unreasonable contest pursuant to Section 440 of the Act, 77 P.S. §996.[7] Claimant contends that Employer's medical testimony is equivocal since based upon incomplete data and examination; that the testimony was founded solely upon lack of objective evidence and contained an admission that the cervical

---

[6] *See also Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987); *Young v. Workmen's Compensation Appeal Board (Weis Markets, Inc.),* 113 Pa. Commonwealth Ct. 533, 537 A.2d 393 (1988).

[7] Employer contends that Claimant failed to set forth a request for attorney's fees in any of her pleadings or anywhere in the record until she submitted her proposed findings of fact and conclusions of law, and therefore, it was error for the referee to award attorney's fees under Section 440. Claimant, however, verbally raised this issue. N.T., p. 50, June 3, 1985 Hearing.

fusion surgery alone would create disability. Section 440 provides in pertinent part that:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, . . . a reasonable sum for costs incurred for attorney's fee, . . . : Provided, That cost . . . may be excluded when a reasonable basis for the contest has been established. . . .[8]

Attorney's fees are generally awarded where a claimant prevails unless evidence of record demonstrates a reasonable basis for an employer's contest. *Equitable Gas Co. v. Workmen's Compensation Appeal Board (Haines)*, 82 Pa. Commonwealth Ct. 436, 474 A.2d 1239 (1984). A reasonable contest is established when medical evidence is conflicting or susceptible to contrary inferences and there is an absence of evidence that an employer's contest was frivolous or filed to harass a claimant. *Penczkowski v. Workmen's Compensation Appeal Board (Foster-Wheeler Energy Corp.)*, 97 Pa. Commonwealth Ct. 419, 509 A.2d 964 (1986).

Employer presented the medical testimony of Dr. Martin L. Beller who admitted that his examination of Claimant was based upon incomplete medical records, but stated that the later data he reviewed reinforced his opinions. He also testified, *inter alia*, that Claimant's cervical fusion surgery was unnecessary; that her symptoms were inconsistent with those caused by C-7

---

[8] Whether Employer had a reasonable basis for contesting Claimant's claim is a question of law fully reviewable by this Court. *Penczkowski v. Workmen's Compensation Appeal Board (Foster-Wheeler Energy Corp.)*, 97 Pa. Commonwealth Ct. 419, 509 A.2d 964 (1986); *Equitable Gas Co. v. Workmen's Compensation Appeal Board (Haines)*, 82 Pa. Commonwealth Ct. 436, 474 A.2d 1239 (1984).

radiculopathy as diagnosed by Dr. Lowe; and that Claimant had recovered from her work injury. Dr. Beller's Deposition, pp. 23-26, 34-36. Dr. Beller's medical testimony, taken together with the absence of evidence indicating that Employer's contest was frivolous or filed to harass Claimant, sufficiently support the Board's reversal of the referee's award of attorney's fees pursuant to Section 440 of the Act.[9]

Accordingly, the Board's final amended order is affirmed in all respects.

ORDER

AND NOW, this 12th day of December, 1988, the final amended order of the Workmen's Compensation Appeal Board dated October 9, 1987 is affirmed in all respects.

Judge MACPHAIL did not participate in the decision in this case.

---

[9] This Court notes that some of Claimant's contentions relate to issues of credibility and weight to be accorded testimony, both of which are for the referee. *Hulse v. Workmen's Compensation Appeal Board (Louis Fiegleman & Co.)*, 71 Pa. Commonwealth Ct. 28, 453 A.2d 1081 (1983). Moreover, Claimant misstated a portion of Dr. Beller's testimony pertaining to the issues of incomplete data and examination.